**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------- x

MELISSA KIVO,                                          :
on behalf of Plaintiff and a class,                    :
                                                       :
                        Plaintiff,                     :
                                                       :
            vs.                                        :
                                                       :
STATE COLLECTION SERVICE, INC.,                        :
                                                       :
                        Defendant.                     :

--------------------------------------------------- x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Melissa Kivo brings this action to secure redress regarding unlawful

collection practices engaged in by Defendant State Collection Service, Inc. ("SCS").  Plaintiff alleges

violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C.  §1331.

3.      Personal jurisdiction is proper because Defendant sent its collection letters into

this District.

4.      Venue in this District is proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5.      Plaintiff Melissa Kivo is a natural person residing in Nassau County, New York.

#### Defendant

6.      Defendant  SCS is a Wisconsin corporation with its principal office at 2509 South

Stoughton Road, Madison, Wisconsin 53716. It also has offices at 600 Henry Avenue, Suite 21, Beloit,

Wisconsin 53511; 801 South 60th Street, Suite 140, West Allis, Wisconsin 53214; and 628 North Street,

Geneva, Illinois  60134.   It does business in New York.

7.      SCS operates a collection agency, using the mails and telephone system to collect debts for others.

8.      SCS  states at ([https://www.statecollectionservice.com/who-we-are/why-state/](https://www.statecollectionservice.com/who-we-are/why-state/)) that "State has served the healthcare industry for 70 years and partners with some of the largest healthcare organizations in the country."

9.      The same website states that SCS has more than 700 employees handling over $4 billion in annual account placements.

10.      Upon information and belief, almost all of Defendant SCS' resources are devoted to debt collection.

11.      Upon information and belief, almost all of Defendant SCS'  revenue is derived from debt collection.

12.      Upon information and belief, almost all of Defendant SCS' expenses are related to debt collection.

13.      Defendant SCS is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

14.      This action arises out of Defendant's attempts to collect a health care debt incurred for personal, family or household purposes.

15.      On or about January 27, 2021, Defendant SCS caused a letter vendor to send Plaintiff the letter in Exhibit A.

16.      The letter bears markings that are characteristic of one generated by a letter vendor.  The return address in Pennsylvania is one associated with a letter vendor.

17.     In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

18.     The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

19.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

21.     Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

22.     Plaintiff  never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

23.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

24.     The letter vendor used by Defendant as part of its debt collection effort against Plaintiff  does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

25.     Due to Defendant's communication to this letter vendor,  information about

Plaintiff is within the possession of an unauthorized third-party.

26.     If a debt collector "conveys information regarding the debt to a third party --
informs the third party that the debt exists or provides information about the details of the debt --
then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,*
804 F.3d 740, 743 (6th Cir. 2015).

27.     Defendant unlawfully communicates with the unauthorized third-party letter
vendor solely for the purpose of streamlining its generation of profits without regard to the
propriety and privacy of the information which it discloses to such third-party.

28.     In its reckless pursuit of a business advantage, Defendant disregarded the known,
negative effect that disclosing personal information to an unauthorized third-party has on
consumers.

## COUNT I – FDCPA

29.     Plaintiff incorporates paragraphs 1-28.

30.     Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about
Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in
connection with the collection of the debt.

31.     Defendant violated 15 U.S.C. §1692f by using unfair means in connection with
the collection of a debt – disclosing personal information about Plaintiff to third parties not
expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action on behalf of a class.

33.     The class consists of (a) all individuals in New York (b) with respect to whom
Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time
during a period beginning one year prior to the filing of this action and ending 30 days after the

-4-

filing of this action.

34.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

35.     On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

36.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

37.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38.     A class action is appropriate  for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.


*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>*s/ Abraham Kleinman*</u>
Abraham Kleinman

# **<u>EXHIBIT A</u>**

**State Collection Service, Inc. ♦ 2509 S. Stoughton Rd. ♦ Madison, WI 53716**
**A Private Collection Agency**

*Phone Number (516) 758-1014 or Toll Free (888) 538-5207*
**Hours:  Mon. – Thurs. 7a – 9p ♦ Fri. 7a – 5p ♦ Sat. 8a –12p**

## TAX REFUND...TAX REFUND!!!
## CALL!

January 27, 2021

Account #: ████6294

**Creditors:**

███████████████████

**Amount Owed:**

████████

Total Amount Due:

████████

Arrange to pay your account with your tax refund check!!!

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

If you would like to make a payment, we provide the following options:

  Text "PAY" to (202) 919-8909 for mobile pay

  Pay online at **www.statecollectionservice.com/paymybill**

  To make an automated telephone payment, call (608) 441-5010 or toll free (877) 677-4862

  Cash, Check, Credit Card, Debit Card or Money Order

This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

---

***Detach Lower Portion and Return with Payment***

CONST AT107478_705255888

PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| CIRCLE CARD USING FOR PAYMENT | | |
| Card Number + 3 or 4-digit security code (on back of card) | | AMOUNT |
| SIGNATURE | | EXP  DATE |

0074 017033

S1

 lllllıllıllıılıplıllılııllllllllllllılıllılılllllıllıllıplıllılllll

Melissa Kivo

██████████████████

State Collection Service, Inc.
PO Box 6250
Madison WI 53716-0250

ılılıllllılılıılıpılılllllılllllılııllılıllılıllıllılllıllllll

Phone Number (516) 758-1014 or Toll Free (888) 538-5207

Account # ████6294
Amount: $ ████████

1 of 1